Adam Y. Siegel (SBN 238568)
Danny Yadidsion (SBN 260282)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:   (213) 689-0430
siegela@jacksonlewis.com
danny.yadidsion@jacksonlewis.com

Attorneys for Defendant,
PANALPINA, INC., a California Corporation

Raymond Babaian (SBN 232486)
VALIANT LAW
4150 Concours St., Suite 260
Ontario, California 91764
rb@valiantlaw.com
Tel : 909-677-2270
Fax : 909-677-2290

Attorneys for Plaintiff
George Castillo

UNITED STATS DISTRTICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE CASTILLO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PANALPINA, INC., a California Corporation; and, DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:  2:17-cv-06485-AFM<br><br>**Joint Rule 16(b)/26(f) Report**<br><br>Complaint filed: July 31, 2017 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Plaintiff GEORGE CASTILLO ("Plaintiff") and Defendant PANALPINA, INC. ("Defendant") (Plaintiff and Defendant are jointly referred to herein as the "Parties"), by and through their respective counsel of record, met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP").

In Compliance with FRCP Rules 16(b) and 26(f) and Local Rule 26-1 of the United States District Court of the Central District of California, the Parties, through their respective counsel, submit the following Joint Rule 16(b)/26(f) Report to the Court.

### A.   Statement Of The Case

#### (1)   Plaintiff's Position

Plaintiff alleges race discrimination, Retaliation in Violation of California Government Code § 12940, et seq.; Failure to Prevent Discrimination, Harassment and Retaliation in Violation of FEHA; Wrongful Termination in Violation of Public Policy; Hostile Work Environment and Harassment in Violation of FEHA; Waiting Time Penalties (Labor Code §§ 201-203); Failure to Provide Meal Breaks; Failure to Provide Rest Breaks; Intentional Infliction of Emotional Distress; and Negligent Infliction of Emotional Distress.

#### (2)   Defendant's Position

Defendant adamantly denies Plaintiff's allegations of unlawful conduct. Defendant terminated Plaintiff's employment for legitimate, non-discriminatory, and non-retaliatory reasons. Specifically, Defendant terminated Plaintiff's employment due to his severe performance issues and failure to comply with company policy, including his failure to provide an identification document as required by Transportation Security Administration regulations. With respect to Plaintiff's failure to provide the appropriate identification, Defendant repeatedly requested that he provide such documentation well over a month prior to his termination. Plaintiff generally worked the afternoon/evening shifts during this period, and he could have

obtained an identification card from the California Department of Motor Vehicles office which was located approximately two miles from Defendant's premises. Nonetheless, despite Defendant's repeated requests and reminders, Plaintiff inexplicably failed to provide the identification which he was required to produce pursuant to government regulations. Moreover, Plaintiff's allegations of unlawful conduct are not supported by evidence and do not amount to any form of discrimination, harassment, or retaliation.

Finally, Defendant maintains lawful policies and practices regarding meal and rest periods. Defendant lawfully provided meal and rest periods to Plaintiff. Defendant also timely paid all wages owed to Plaintiff upon termination of employment. As such, Defendant adamantly denies Plaintiff's allegations and intends to vigorously defend against them.

**B.   Subject Matter Jurisdiction**

Defendant removed this action to federal court pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship of the Parties and on the amount of controversy, which exceeds $75,000.

**C.   Legal Issues**

The Parties identify the following key legal issues at this time:

(1) Whether Defendant discriminated against and/or unlawfully terminated Plaintiff based on Plaintiff's race in violation of the FEHA;

(2) Whether Defendant harassed Plaintiff based on Plaintiff's race in violation of the FEHA;

(3) Whether Defendant retaliated against Plaintiff because of Plaintiff's alleged complaints of harassment and discrimination in violation of the FEHA;

///

///

(4) Whether Defendant failed to prevent discrimination, harassment, and retaliation from occurring in the workplace in violation of the FEHA;

(5) Whether Defendant terminated Plaintiff in violation of the public policies codified in any of the statutes upon which his other claims for relief are based;

(6) Whether Defendant failed to provide meal breaks to Plaintiff;

(7) Whether Defendant failed to provide rest breaks to Plaintiff;

(8) Whether Defendant failed to timely provide all wages owed to Plaintiff upon termination; and

(9) Whether Defendant intentionally/negligently inflicted emotional distress on Plaintiff.

D. **Parties And Non-Party Witnesses**

  (1) **Parties**

The current parties in this matter are: Plaintiff and Defendant Panalpina, Inc. All known parties have been named.

  (2) **Non-Party Witnesses**

Discovery has not commenced and the Parties are not yet in a position to provide a complete list of witnesses, but the following are non-party witnesses known to the Parties at this time: (1) Philip Asenas; (2) Jose Ramon; (3) Samantha Fernandez; and (4) Agustine Villa.

  (3) **Corporate Entities**

The Parties do not believe that there are pertinent corporate entities other than Defendant at this time.

E. **Damages**

  (1) **Plaintiff's Position**

Plaintiff seeks damages as follows: For general economic and non-economic damages according to proof; For compensatory damages according to proof; For

restitution of unpaid monies; For civil penalties; For special damages according to proof; For punitive damages where allowed by law; For prejudgment interest pursuant to California Civil Code § 3287 and/or California Civil Code § 3288 and/or any other provision of law providing for prejudgment interest; For attorneys' fees where allowed by law; For injunctive relief; For costs of suit incurred herein; and For such other and further relief as this Court deems just and proper.

### (2) Defendant's Position

Defendant adamantly denies Plaintiff's allegations of unlawful conduct. Accordingly, Defendant denies that Plaintiff is entitled to any damages whatsoever.

### F. Insurance

Plaintiff has no insurance that provides coverage for the claims relevant to this lawsuit.

Defendant has insurance that may satisfy some of the liability alleged in this action.

### G. Motions

### (1) Plaintiff's Position

After conducting adequate discovery, Plaintiff intends to file a motion for summary judgment and/or partial summary judgment. Plaintiff also reserves the right to reserve discovery motions.

### (2) Defendant's Position

After conducting adequate discovery, Defendant intends to file a motion for summary judgment and/or partial summary judgment. Defendant also reserves the right to reserve discovery motions.

### H. Manual for Complex Litigation

The Parties agree that the Manual for Complex Litigation should not be utilized in this action.

### I. Status of Discovery

The Parties agree that they will serve initial disclosures by November 7, 2017.

### J. Discovery Plan

Pursuant to FRCP 26(f)(3), the Parties represent that:

(A) No changes should be made in the timing, form, or requirement for disclosures under FRCP 26(a).

(B) As of the present time, the Parties do not foresee the need for discovery to be conducted in phases or be limited or focused on particular issues.

(C) The Parties do not foresee that any issues are likely to arise regarding the disclosure of electronically stored information at the present time.

(D) The Parties are unaware at this time of any claims of privilege or protection of trial preparation materials, beyond their general, mutual assertions that their own communications with their clients are protected from disclosure. The Parties have agreed to enter into a protective order for the production of confidential, proprietary, and/or private information as discussed in section J(3).

(E) No limitations on discovery should be imposed under either the FRCP or the Local Rules as of the present time.

(F) The Parties are not aware of any other order the Court should issue under FRCP 26(c) or 16(b) or (c) as of this time.

#### (1) Written Discovery

The Parties intend to propound written discovery, including interrogatories, requests for production, and, potentially, requests for admission.

#### (2) Depositions

##### i. Plaintiff's Position

Plaintiff intends to notice the deposition of Defendant, PANALPINA's Person(s) Most Knowledgeable and other purported witnesses, whom Defendant has yet to identify.

##### ii. Defendant's Position

Defendant intends to notice the deposition of Plaintiff and other purported witnesses, whom Plaintiff has yet to identify, to Plaintiff's allegations of unlawful

conduct and damages.

### (3) Document Productions

The Parties have agreed that discovery in this action may involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this matter may be warranted. Accordingly, the Parties have agreed to enter into a stipulated protective order before any such confidential proprietary, and/or private information is produced.

### K. Discovery Cut-Off

The Parties provide a schedule of proposed deadlines in Exhibit A.

### L. Expert Discovery

The Parties provide a schedule of proposed deadlines in Exhibit A.

### M. Dispositive Motions

#### (1) Plaintiff's Position

After conducting adequate discovery, Plaintiff intends to file a motion for summary judgment and/or partial summary judgment.

#### (2) Defendant's Position

After conducting adequate discovery, Defendant intends to file a motion for summary judgment and/or partial summary judgment.

### N. Settlement

Pursuant to Local Rule 16-15.4(2), the Parties prefer to use ADR Procedure No. 3 and engage in private mediation with a mediator chosen by the Parties.

### O. Trial Estimate

#### (1) Plaintiff's Position

Plaintiff estimates that the trial will take approximately five court days to complete.

///

///

### (2) Defendant's Position

Defendant estimates that the trial will take approximately three court days to complete.

### P. Trial Counsel

Trial counsel for Defendant will be Adam Y. Siegel and Danny Yadidsion. Mr. Siegel will be lead trial counsel.

### Q. Independent Expert or Master

The Parties agree that appointment of an independent expert or master is not necessary in this action.

### R. Timetable

A completed version of the Schedule of Pretrial and Trial Dates form is attached to this report as Exhibit A.

### S. Other Issues

The Parties do not anticipate any issues at this time.

### T. Patent Cases

Claim construction and *Markman* hearings are not applicable to this action.

### U. Magistrate Judge

The Parties have consented to the assignment of this case to a magistrate judge.

///
///
///
///
///
///
///
///
///

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I certify that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 31, 2017

JACKSON LEWIS P.C.

By: /s/ Adam Y. Siegel
Adam Y. Siegel
Danny Yadidsion

Attorneys for Defendant
PANALPINA, INC.

Dated: October 31, 2017

VALIANT LAW

By: /s/ Raymond Babaian
Raymond Babaian

Attorneys for Plaintiff
GEORGE CASTILLO

# EXHIBIT A – SCHEDULE OF PRETRIAL AND TRIAL DATES

| Case No: | 2:17-cv-06485-AFM |
|---|---|
| Case Name: | George Castillo v. Panalpina, Inc. |

| Hearings: | Plaintiff Request | Defendant Request | Court Order |
|---|---|---|---|
| __X__ Jury Trial<br>____ Court Trial<br>Duration Estimate:<br>5 Days / ____ Weeks | September 3, 2018<br><br>5 days | September 3, 2018<br><br>3 days | |
| Final Pretrial Conference ("FPTC") & Status Conference re Disputed Exhibits | August 20, 2018 | August 20, 2018 | |

| Deadlines for Bench Trials Only: | Weeks Before FPTC | Plaintiff Request | Defendant Request | Court Order |
|---|---|---|---|---|
| Anticipated Ruling to be Issued by Court | Same date | N/A | N/A | |
| Last Date to File Objections to Direct Testimony Declarations | 2 | N/A | N/A | |
| Last Date to File Direct Testimony Declarations | 3 | N/A | N/A | |

| Proposed Motion Practice for Motions for Summary Judgment & Motions for Class Certification: | Weeks Before FPTC | Plaintiff Request | Defendant Request | Court Order |
|---|---|---|---|---|
| Hearing on Motion | | June 12, 2018 | June 12, 2018 | |
| Reply to Motion | | May 24, 2018 | May 24, 2018 | |
| Response to Motion | | May 17, 2018 | May 17, 2018 | |
| Last day to File Motion | | April 13, 2018 | April 13, 2018 | |

1

Joint Rule 16(b)/26(f) Report

| Deadlines: | Weeks Before FPTC | Plaintiff Request | Defendant Request | Court Order |
|---|---|---|---|---|
| Anticipated Ruling on All Motions | 4 | July 24, 2018 | July 24, 2018 | |
| Last Date to Hear Motions (including discovery motions) | 8 | June 26, 2018 | June 26, 2018 | |
| Last Date to File Motions (including discovery motions) | 20 | March 27, 2018 | March 27, 2018 | |
| Expert Discovery Cut-Off | 20 | March 27, 2018 | March 27, 2018 | |
| Expert Disclosure (Rebuttal) | 22 | March 13, 2018 | March 13, 2018 | |
| Expert Disclosure (Initial) | 24 | April 27, 2018 | April 27, 2018 | |
| Non-Expert Discovery Cut-Off | 26 | April 27, 2018 | April 27, 2018 | |
| Last Date to Add Parties/Amend Pleadings | | December 8, 2017 | December 8, 2017 | |
| **Settlement Procedure Selection:** *(ADR-12 Form will be completed by Court after scheduling conference)* | | Plaintiff Request | Defendant Request | Court Order |
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial (Private) | | 3 | 3 | |
| Last day to conduct settlement conference/mediation | | March 12, 2018 | March 12, 2018 | |
| Notice of Settlement / Joint Report re Settlement *(10 days before PMSC)* | | March 16, 2018 | March 16, 2018 | |
| Post Mediation Status Conference: | | March 26, 2018 | March 26, 2018 | |